[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Re: contempt
Since 1996 zoning officials of the Town of Ashford have been attempting to have the respondent remove accumulated debris from his vacant two acre lot within the town. Unsuccessful, on October 7, 1997 the town instituted this action for injunctive relief, civil penalties and attorney's fees pursuant to Connecticut General Statutes § 8-12. On February 29, 2000 the court, Sferrazza, J., heard evidence and on March 1, 2000, the court issued a decision favorable to the town. The court found, inter alia,
that the respondent had more than sufficient time to rectify the situation and that he failed to do so. The court enjoined the respondent from storing junk on his land in excess of ten cubic meters and ordered him to remove the non-conforming materials within one year of the date of the decision. In the event of the respondent's failure to remove the non-conforming materials the court ordered him not to interfere with the removal of the material at his expense by the town.
Upon an order to show cause why the respondent should not be held in contempt of court, dated June 11, 2001, this court heard testimony on July 30, 2001, from the petitioner in the form of the town zoning enforcement officer. The court received evidence and photographs from both the petitioner and the respondent. The evidence clearly establishes that the respondent has failed to comply with the orders of the court. The property remains littered with substantially the same materials as were ordered removed seventeen months ago. In addition, the respondent has prevented the town from removing the offending materials. The court finds that the conduct of John Wolfe constitutes an utter and wilful disregard of the orders of the court and finds that he is in contempt of the civil orders of the court. CT Page 10296
The officials of the town or their delegate may enter upon the property of the respondent and remove the materials that are not in compliance with the zoning regulations. The town is authorized to engage such police protection as may be necessary to peacefully enter upon the property and remove the offending materials. In the event the respondent fails to allow peaceful entry and removal, the court shall, upon notice and hearing, incarcerate the defendant for so long as may be required to carry out the lawful orders of the court.
Since the respondent is representing himself, the court draws his attention to section 8-12 which provides for fines of not less than $100 per day nor more than $250 per day for each day of violation or imprisonment for not more that ten days for each day such violationcontinues or both. The court finds that as of this date, the respondent is in violation of the zoning regulations and is subject to the penalties as described.
Judgment may enter accordingly,
Foley, J.